IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONALD EDWARD LARUE
JOHNSON, JR.,

        Plaintiff,                            Civil No. 06-747-AA

    vs.                                     O R D E R

HARPER/COLLINS, ET AL.,
DELAWARE PRENTICE HALL CO.
SYSTEM,

        Defendants.

AIKEN, Judge:

    Plaintiff, pro se, filed a complaint against the defendant alleging that defendant violated his rights by publishing his likeness without his permission in the book titled, <u>Off Base: Confessions of a Thief</u>, baseball player Rickey Henderson's "as told to" biography published by defendant in the early 1990s. As part of relating Henderson's life story, the book contains a group photograph of Henderson's 1975 high school baseball team. Based on the photo in the book, and plaintiff's allegation that he appears in the photo as one of Henderson's eleven teammates, plaintiff alleges that he is entitled to payment for use of his likeness without his permission. Complaint, ¶¶ 2,6.

///

1 - ORDER

Defendant asserts plaintiff's claim is barred based on the statute of limitations. I agree. Assuming that plaintiff is bringing a claim for misappropriation/right of publicity,[1] plaintiff's claim is subject to Oregon's two-year statute of limitations period. See Or. Rev. Stat. § 12.110(1)("An action for . . . any injury to the person or rights of another, not arising in contract, and not especially enumerated in this chapter, shall be commenced within two years."). Plaintiff alleges the book was published in June 1992. Complaint, ¶ 4, Ex. A. Plaintiff's claim was therefore time-barred as of June 1994. Even if the court allows that plaintiff did not learn of the book's publication until March 5, 2004, when plaintiff wrote to defendant indicating that he was aware of the photograph at issue in the book, Complaint, Ex. A, plaintiff filed his claim April 18, 2006, more than two years after he discovered the publication of the book and the photograph at issue. I agree that plaintiff's claim is time-barred on its face.

Moreover, I find that pursuant to Fed. R. Civ. P. 12(b)(6), plaintiff's complaint fails to state a claim. No claim for tortious appropriation of a person's name or image exists where "a person whose image, with no established public familiarity, appears in a commercial context only incidentally, perhaps as one of several persons in a public scene, or otherwise under circumstances that plainly are not presented so as to convey any endorsement by that person." Anderson v. Fisher Broadcasting Cos., Inc., 300 Or. 452, 468, 712 P.2d 803 (1986). Here,

---

[1] Plaintiff fails to provide a title for his claim in his Complaint.

2 - ORDER

plaintiff has no "established public familiarity," nor has plaintiff alleged that his picture was wrongly obtained or published beyond plaintiff's claim at bar. The book is a biography of Henderson. Henderson's membership on his own high school baseball team is part of his biography. The inclusion of the photograph and appearance of plaintiff in the photograph do not convey any endorsement of Henderson or anything about Henderson. I find that plaintiff's appearance in the photograph is incidental, therefore, requiring plaintiff's permission or payment of plaintiff for use of the team photo in the book is not required as a matter of law. Plaintiff's complaint fails to state a claim and is dismissed.

## CONCLUSION

Defendant's motion to dismiss (doc. 4) is granted. This case is dismissed. All pending motions are denied as moot.

IT IS SO ORDERED.

Dated this  1  day of August 2006.

/s/ Ann Aiken
Ann Aiken
United States District Judge

3 - ORDER